IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON RAISER,

    **Plaintiff,**

    v.

CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, *et al.,*

    **Defendants.**

Case No. 2:10-CV-189
JUDGE MARBLEY
MAGISTRATE JUDGE KING

## OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiff's *Motion for Discovery*, Doc. No. 17, and the Plaintiff's *Motion to Amend the Complaint*, Doc. No. 22.  For the reasons that follow, the former motion is denied and the latter motion is granted in part and denied in part.

### I.

Plaintiff Aaron Raiser ["Plaintiff"], who is proceeding *pro se*, brings this action against the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ["the Church"]; Latter-Day Saints Family Services; Latter-Day Saints Social Services; and various John Does, alleging four state law claims.  Plaintiff is a resident of the State of California and the named Defendants are Utah corporations.  The Court exercises diversity jurisdiction in this action.  28 U.S.C. § 1332.

In his *Complaint*, Doc. No. 5, Plaintiff claims that a bishop of the Defendant Church and a Church psychologist improperly disclosed confidential information regarding Plaintiff to his father, Edward Raiser, which resulted in Plaintiff's committment to a mental hospital. *Id.* at ¶¶ 51-52, 55, 138, 147-48, 235, 241-48. Plaintiff asserts four claims in connection with these events: breach of fiduciary duty (First Cause of Action); breach of confidence (Second Cause of Action); professional malpractice (Third Cause of Action); and infliction of emotional distress (Fourth Cause of Action).

Defendants have filed a *Motion for Summary Judgment*, Doc. No. 10, taking the position that all these claims are time-barred because the events giving rise to this action occurred some twenty years ago. Doc. No. 10. After Defendants' *Motion* was filed, Plaintiff filed his motion for discovery pursuant to Rule 56(f) and his motion for leave to amend the complaint to assert additional claims. The Court now addresses the merits of these motions.

## II.

**A. Plaintiff's *Motion for Discovery***

In his *Motion* and accompanying Rule 56(f) *Affidavit*, Plaintiff states that discovery is necessary in order to identify issues responsive to Defendants' *Motion for Summary Judgment*.[1] In particular, Plaintiff contends that it is necessary to depose the Church bishop and the Church psychologist in order to determine whether they met with Plaintiff's father prior to Plaintiff's commitment. *Plaintiff's Rule 56(f) Affidavit* at ¶ 6. Plaintiff also seeks discovery of psychological records from the Church Social Services, *Id.* at ¶ 7, and letters that his father

---

[1] Plaintiff has filed a response to Defendants' motion, Doc. No. 18, which is nearly identical to the present *Motion for Discovery*.

2

allegedly wrote "to various church leaders regarding Plaintiff's commitment."  Doc. No. 17 at 2; *Plaintiff's Affidavit*, at ¶ 9.  In addition, Plaintiff argues that discovery "would also help determine the application of the discovery rule to the wrongs alleged" for statute of limitations purposes.  Doc. No. 17, at 5.

Rule 56(f) establishes the proper procedure where a party concludes that additional discovery is necessary in order to respond to a motion for summary judgment:

> **When Affidavits are Unavailable.**  If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken or other discovery to be undertaken;
> (3) issue any other just order.

Fed. R. Civ. P. 56(f).  The affidavit required by the rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000), citing *Radich v. Goode*, 866 F.2d 1391, 1393-94 (3rd Cir. 1989).

As noted above, Plaintiff has identified the discovery that he believes is necessary to oppose Defendants' *Motion for Summary Judgment*.  Defendants argue, however, that the discovery sought by Plaintiff is unnecessary since the motion is based – not on the merits of Plaintiff's claims –  but rather on the statute of limitations.  According to Defendants, Plaintiff's first three causes of action are barred by a two year statute of limitations established in R.C. § 2305.10(A).  Defendants argue that Plaintiff's fourth cause of action, *i.e.* for infliction of emotional distress, is similarly barred, regardless of whether a two year or four year limitations

3

period applies.[2]

With respect to Plaintiff's first three causes of action (*i.e.,* for breach of fiduciary duty; breach of confidence; and professional malpractice), the Court concludes that the discovery sought by Plaintiff will not assist him in opposing Defendants' *Motion for Summary Judgment*. Plaintiff does not dispute that the circumstances surrounding these claims occurred some twenty years ago. Discovery regarding the merits of these claims is simply immaterial to the timeliness of the claims. Thus, the Court finds no reason to allow merits-based discovery of the circumstances surrounding Plaintiff's commitment.

Plaintiff argues, however, that discovery would aid in determining whether the "discovery rule" would operate to toll the limitations period as to his first three causes of action. A statute of limitations begins to run when the plaintiff knows of the injury or becomes aware of facts sufficient to put a reasonable person on notice of injury. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). As explained by the United States Court of Appeals for the Sixth Circuit, the "discovery rule" is often applied by courts to toll the running of the statute of limitations until the date by which a plaintiff should reasonably have discovered the cause of injury. *Hicks v. Hines*, *Inc.*, 826 F.2d 1543, 1544 (1987).

Under Ohio law, when a breach of fiduciary duty claim is based upon allegations of negligence, as in the case at bar, the discovery rule does not apply. *See Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 249 (2000). Thus, the Court rejects Plaintiffs argument that discovery would assist him in opposing Defendants' *Motion for Summary Judgment* on the

---

[2]Under Ohio law, a claim of negligent infliction of emotional distress is subject to a two year statute of limitations, R.C. § 2305.10, and a claim of intentional infliction of emotional distress is subject to a four year statute of limitations, R.C. § 2305.09(D). *Lawyers Cooperative Publishing Co. v. Muething*, 65 Ohio St.3d 273 (1992).

statute of limitations issue with respect to his breach of fiduciary duty claim.  Plaintiff's second cause of action, for breach of confidence, is identical to the breach of fiduciary duty claim.  Consequently, discovery on the issue of whether the discovery rule applies will not assist Plaintiff in opposing Defendants' motion.

The Court reaches the same conclusion with respect to Plaintiff's third cause of action, for professional malpractice against the Church psychologist.  Although the discovery rule has been applied in claims involving medical malpractice, a cause of action under Ohio law arising from the alleged negligence of a psychologist is not a claim for malpractice.  *Thompson v. Community Mental Health Ctrs. of Warren Cty., Inc.*, 71 Ohio St.3d 194 (1994). Thus, the Court finds no reason to allow Plaintiff to conduct discovery on the issue of whether the discovery rule applies to the claim.

With respect to Plaintiff's fourth cause of action, the Court also concludes that the discovery sought will not aid Plaintiff in opposing Defendants' *Motion for Summary Judgment*.  As Defendants point out, it is unclear whether Plaintiff intends to pursue a claim for negligent or intentional infliction of emotional distress.[3]  In either event, Plaintiff argues, discovery should be permitted in order to establish when his injury occurred for purposes of determining whether the discovery rule applies to his claim.

In their *Motion for Summary Judgment*, Defendants note that there is a split of authority as to whether the discovery rule applies to a claim of intentional infliction of emotional distress.  *See* Doc. No. 14, at 11.  The undersigned expresses no opinion on this issue as it awaits a ruling by the District Judge in connection with the pending dispositive motion.  The undersigned

---

[3]As discussed *infra*, Plaintiff clarifies in his *Motion to Amend the Complaint* that he intends to pursue a claim for intentional infliction of emotional distress.  Doc. No. 22, at 3.

simply considers whether, for purposes of Rule 56(f), the discovery that Plaintiff seeks would assist him in opposing Defendants' motion on the statute of limitations issue.  In reviewing Plaintiff's *Affidavit*, the Court concludes that it would not.  As Defendants point out, Plaintiff cites several instances that occurred more than four years ago, when he had "suspicions" or "concerns" about Defendants' alleged involvement with his father's decision to commit Plaintiff. *See Complaint*, Doc. No. 5, at ¶¶ 138, 147, 150-52, 170, 175-77, 183, 214-15.  Thus, it would appear that Plaintiff possesses information as to when the injury occurred.  Allowing the additional discovery that Plaintiff seeks in his Rule 56(f) *Affidavit* would provide no further assistance in this regard.

For all these reasons, Plaintiff's request for discovery pursuant to Rule 56(f) is denied.

 B.  Plaintiff's *Motion to Amend the Complaint*

Plaintiff moves to amend his *Complaint* to add claims of clergy malpractice, spoliation of evidence, fraud and civil conspiracy.  Plaintiff also moves to amend the *Complaint* to clarify that he seeks to pursue a claim of intentional infliction of emotional distress.  Because the latter claim was arguably asserted in the original *Complaint*,  the Court will allow the proposed amendment which would merely clarify that claim.  With respect to all other claims, the Court considers whether amendment is appropriate at this juncture.

Plaintiff's motion is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court.  *General Electric Co. v. Sargent & Lundy*, 915 F.2d 1119,

1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants argue that Plaintiff's motion is prompted by bad faith and a dilatory motive. As Defendants point out, their *Motion for Summary Judgment* is fully briefed and ripe for decision.  According to Defendants, Plaintiff seeks to add new claims at this stage as an attempt to avoid dismissal of the action.

With respect to the proposed inclusion of a claim for fraud, Defendants suggest that Plaintiff seeks to add allegations of fraud only in order to gain the benefit of applying the discovery rule to his claim for breach of fiduciary duty.  In his *Motion to Amend*, Plaintiff states that the claim for fraud is based "deceptive and misleading statements made . . . regarding the use and purpose of the psychological counseling sessions."  Doc. No. 22 at 3.  As Defendants point out, the original *Complaint* contain no reference to any statement made by the Church psychologist.  Plaintiff states that he met with the psychologist one time "to get it over with," Doc. No. 5, at ¶ 37, and "flat out refused" other meetings.  *Id.,* at ¶ 38.  In the proposed *Amended Complaint*, Plaintiff now asserts that the Church psychologist made specific statements that Plaintiff's session would be used only for counseling purposes, not in furtherance of Plaintiff's committment.  *See* Exhibit A attached to Doc. No. 27, at ¶¶ 368, 371.  Plaintiff now claims that he justifiably relied on this statement, which was allegedly made on November 15, 1988.  *Id.*, at ¶¶ 378, 381.

In the Court's view, Plaintiff was surely aware of such statement, and of his purported reliance thereon, at the time his original *Complaint* was filed. It appears that Plaintiff's current attempt to include allegations of fraud with respect to the counseling session, which occurred twenty-two years ago, reflects his attempt to apply the discovery rule to his claim for breach of fiduciary duty in order to avoid summary judgment on that claim. The Court therefore finds that amendment of the *Complaint* in this regard is motivated by nothing more than bad faith and dilatory tactics. To grant Plaintiff's motion in this regard would be to subject Defendants to unreasonable prejudice. For this reason, Plaintiff's motion to add allegations of fraud is denied.

Plaintiff also seeks to add a claim of spoliation of evidence. Plaintiff alleges that he contacted the Church in June 2005 in order to retrieve his psychological records, but that the request was denied. *Motion for Leave to Amend*, Doc. No. 22, at 2. Plaintiff contacted the Church again in March 2009 and was allegedly told that the records sought by him did not exist. *Id.* According to Plaintiff, this constitutes spoliation of evidence because Defendants "were aware that a lawsuit involving Plaintiff was probable." Exhibit A attached to Doc. No. 22 at ¶ 384.

Defendants oppose the addition of a claim of spoliation of evidence. Defendants argue that Plaintiff must have been aware of Defendants' alleged destruction of records at the time he filed his original *Complaint*. Thus, Defendants contend that the addition of such a claim at this juncture is unreasonably delayed and is simply motivated by bad faith.

Defendants also argue that Plaintiff's spoliation of evidence claim would not survive a motion to dismiss and is therefore futile. Under Ohio law, the elements of a claim of spoliation of evidence are as follows:

8

> (1) pending or probable litigation involving the plaintiff; (2) knowledge on the part of defendant that litigation exists or is probable; (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case; (4) disruption of the plaintiff's case; and (5) damages proximately caused by the defendant's acts.

*Smith v. Howard Johnson Co., Inc.*, 67 Ohio St.3d 28, 29 (1993).

The Sixth Circuit holds that "[a] proposed amendment is futile if the amendment could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Thus, the Court must construe the proposed claim in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Federal Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Cmty. Mutual Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The Supreme Court of the United States has explained that a plaintiff's claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. Accordingly, a claim is appropriately dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, the Court concludes that Plaintiff's proposed claim for spoliation of evidence would not survive a Rule 12(b)(6) motion. The facts alleged do not support the elements of a claim for spoliation of evidence. In particular, Plaintiff fails to articulate any facts in support of the allegation that Defendants should have been aware that litigation was probable or that Defendants willfully destroyed evidence in an attempt to disrupt litigation. The psychological records that were allegedly destroyed relate to a single counseling session conducted twenty-two years ago. Furthermore, Plaintiff certainly would have been aware of a purported claim for

spoliation of evidence at the time he filed his original *Complaint*. In the Court's view, the proposed amendment has been unreasonably delayed and it appears that Plaintiff, in seeking to assert the claim at this juncture, is driven by a dilatory motive. Moreover, the proposed new claim would be futile. For these reasons, Plaintiff's proposed amendment to include a claim of spoliation of evidence is denied.

Plaintiff also seeks to add claims of clergy malpractice and civil conspiracy. In his *Motion to Amend*, Plaintiff states that "[i]n the event that other causes of action do not allow relief for the facts of the case, then the [c]lergy [m]alpractice claim is included." Doc. No. 22, at 2. Plaintiff also seeks to add a civil conspiracy claim against the Church bishop and psychologist for their alleged wrongful use of confidential information obtained through the 1988 counseling session. *Id.* at 3.

Defendants oppose amendment of the *Complaint* to include these claims, arguing that Plaintiff should have presented the claims in his original *Complaint*; Defendants also argue that the claims are futile. The Court agrees that Plaintiff certainly would have been aware of facts to support such claims at the time this action was filed. Thus, it again appears that the only reason for addition of the claims at this point is to avoid a decision on the pending motion for summary judgment. In any event, the Court agrees with Defendants that the proposed claims are insufficiently pled and are futile.

With respect to clergy malpractice, the Ohio Supreme Court has held that the claim must involve behavior which "fall[s] outside the scope of other recognized torts." *Strock v. Pressnell*, 38 Ohio St.3d 207, 212 (1988). In this case, Plaintiff alleges a claim of breach of fiduciary duty and breach of confidence against the Church bishop. The claim of clergy malpractice does not

10

allege behavior outside the scope of those claims.  Thus, the Court concludes that Plaintiff's claim would not survive a motion to dismiss.  The proposed amendment is futile.

With respect to civil conspiracy, the claim involves "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages."  *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 126 (1987).  In addition "[a]n underlying tort is necessary to give rise to a cause of action for conspiracy."  *Stiles v. Chrysler Motors Corp.*, 89 Ohio App.3d 256, 266 (Ohio App. 1993).  In this case, the underlying tort would presumably be the alleged breach of fiduciary duty.  Since, however, it would appear that this claim is time-barred, any proposed claim for civil conspiracy would be futile for lack of an underlying tort.  For this reason, then, the Court denies Plaintiff's motion to amend the *Complaint* to add a claim of civil conspiracy.[4]

In sum, the Plaintiff's *Motion to Amend* the *Complaint* is granted as to the intentional infliction of emotional distress claim only.  The motion is denied as to the addition of all other proposed claims.

### III.

For the foregoing reasons, Plaintiff's *Motion for Discovery*, **Doc. No. 17**, is **DENIED**. Plaintiff's *Motion to Amend the Complaint*, **Doc. No. 22**, is **GRANTED in part and DENIED in part.  Plaintiff may amend his complaint to clarify that he intends to assert a claim of intentional infliction of emotional distress.  In all other respects, Plaintiff's request for leave to amend the complaint to assert additional claims is DENIED.**

---

[4] If the breach of fiduciary duty and breach of confidence claims survive the *Motion for Summary Judgment*, the Court will entertain a renewed motion to add a claim for civil conspiracy.

11

**November 16, 2010**             *s/ Norah McCann King*
**DATE**            **NORAH McCANN KING**
           **UNITED STATES MAGISTRATE JUDGE**