```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

**AARON RAISER,**

      **Plaintiff,**

  vs.                                Civil Action 2:10-CV-189
                                              Judge Marbley
                                              Magistrate Judge King

**CORPORATION OF THE PRESIDENT OF**
**THE CHURCH OF JESUS CHRIST OF**
**LATTER-DAY SAINTS,** *et al.*,

      **Defendants.**


## OPINION AND ORDER

On November 16, 2010, the undersigned issued an *Opinion and Order* that denied plaintiff's motion for discovery and granted in part and denied in part plaintiff's motion for leave to amend the complaint. *Opinion and Order*, Doc. No. 39. Plaintiff has sought review by the District Judge of that decision. *Objection,* Doc. No. 43. This matter is now before the Court on plaintiff's motion to recuse the undersigned. *Motion for Magistrate* [sic] *Recusal,* Doc. No. 46.

Plaintiff bases his motion on 28 U.S.C. §455, which requires a federal judicial officer to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." §455(a). The bias or prejudice that mandates recusal, however, must be wrongful or inappropriate, *i.e.*, either relying on knowledge acquired outside the proceedings or displaying deep-seated and unequivocal antagonism that would render fair judgment impossible. *Liteky v. United States*, 510 U.S. 540 (1994). In this regard, judicial rulings alone almost never constitute a basis for recusal. *Id.; United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

In support of his motion, plaintiff first suggests that the undersigned or members of her staff may have acquired outside knowledge

of plaintiff and his litigation history through resort to PACER dockets. Plaintiff's rank speculation in this regard (which has, in any event, no basis in fact) is simply insufficient to require recusal.

Plaintiff also argues that the reference to plaintiff's "bad faith" in connection with the resolution of his motions for leave to amend and for additional discovery "evidences prejudice against Plaintiff's character." *Motion for Magistrate* [sic] *Recusal*, at 3. The resolution of plaintiff's motion for leave to amend the complaint was based on this Court's consideration of the factors outlined by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178(1962), which include "undue delay, bad faith or dilatory motive on the part of the movant. . . ." *Id.*, at 182. This Court's application of this standard does not constitute the sort of deep-seated antagonism toward plaintiff that would either render fair judgment impossible or require recusal.

Accordingly, plaintiff's *Motion for Magistrate* [sic] *Recusal,* Doc. No. 46, is **DENIED**.

                                              *s/Norah McCann King*
                                                  Norah M<sup>c</sup>Cann King
                                       United States Magistrate Judge

January 19, 2011